IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WESLEY THOMAS GALLOP, JR.

   Petitioner,

  v.          CIVIL ACTION NO. 2:16cv596

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

   Respondent.

## REPORT AND RECOMMENDATION

  This matter is before the Court on Petitioner Wesley Thomas Gallop, Jr.'s ("Gallop")

Petition for a Writ of Habeas Corpus ("Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1,

and the Respondent's Motion to Dismiss, ECF No. 12.   The matter was referred for a

recommended disposition to the undersigned United States Magistrate Judge ("undersigned")

pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern

District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of

Certain Matters to United States Magistrate Judges.   The undersigned makes this

recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and

Eastern District of Virginia Local Civil Rule 7(J).  For the following reasons, the undersigned

**RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 12, be **GRANTED,** and

Gallop's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## I. FACTUAL AND PROCEDURAL BACKROUND

  On November 11, 2010, an officer responded to a call from a concerned citizen that a

suspicious person had left a disabled vehicle at an intersection.  ECF No. 13, attach. 1 at 1.  The

officer found Gallop on a nearby baseball field. *Id.* Gallop admitted that he had driven the car and that the car was disabled. *Id.* When the officer discovered Gallop's license was suspended and that he had numerous convictions for driving with a suspended license, he arrested Gallop. *Id.* at 2. After searching Gallop, the officer found a second cell phone, $350 in cash, and a bag, by a nearby trashcan, filled with over 200 capsules of suspected heroin separated into bundles for distribution. *Id.* Gallop denied any knowledge of the drugs, but when his DNA was later compared to the DNA on the bag he could not be eliminated as a contributor to the DNA mixture found on the bag. *Id.*

Gallop was charged with possession of heroin with intent to distribute as a second or subsequent offense in violation of Virginia Code § 18.2-248(C). *Id.* at 1. On November 1, 2011, the Assistant Commonwealth's Attorney filed to have the case reassigned because he started the interview process at the firm of Gallop's trial counsel. ECF No. 17 at 40. Gallop claimed that, without his knowledge, the Chesapeake Circuit Court held a hearing on the Assistant Commonwealth's Attorney's motion, and granted his request for reassignment.[1] *Id.* at 18. On December 19, 2011, Gallop accepted a written plea agreement and entered an *Alford* plea under the counsel of his attorney. ECF No. 13, attach. 1 at 2. In exchange for Gallop's guilty plea, the newly assigned Assistant Commonwealth's Attorney agreed to *Noelle prosequi* the remaining charges and forgo prosecution on two additional charges of possession with intent to distribute. *Id.* Prior to sentencing, on February 21, 2013, Gallop filed a motion to withdraw his guilty plea. *Id.* Gallop argued that he learned that he faced no real threat of prosecution on the two additional charges in the plea agreement because the Commonwealth lacked jurisdiction. *Id.* The trial court denied Gallop's motion because "no undue influence or mistake of fact produced

---

[1] Gallop argued that his claim is supported by the absence of his signature on the Circuit Court order that granted the Assistant Commonwealth's Attorney's withdrawal from the case. ECF No. 17 at 40.

2

his plea, that the plea was not entered inadvisably, and that no reasonable defense was proffered by appellant." *Id.* at 3. Additionally, the court noted that Gallop did not attempt to withdraw the plea until over a year after it was entered, and allowing Gallop to withdraw his guilty plea would prejudice the Commonwealth. *Id.* On July 22, 2013, the Circuit Court sentenced Gallop to twenty years and six months imprisonment, with sixteen years and four months suspended for a total active sentence of four years and two months. *Id.*, attach. 2 at 7-8.

Gallop appealed his conviction to the Court of Appeals of Virginia on the grounds that the trial court abused its discretion when it denied his motion to withdraw his *Alford* plea. *Id.*, attach. 1 at 1. The Court of Appeals denied his petition on April 2, 2014, because he "failed both to establish a good-faith basis for making the *Alford* guilty plea and then seeking to withdraw it and to proffer evidence of a reasonable defense." *Id.* at 5. Gallop then filed an *Anders* Brief to the Supreme Court of Virginia where he argued that the Court of Appeals had erred in denying his appeal. *Id.*, attach. 2 at 10. On May 23, 2014, the Commonwealth filed a brief in opposition. *Id.*, attach. 3. On July 2, 2014, Gallop filed a supplemental brief where he argued that the trial court erred when it failed to investigate the alleged conflict of interest associated with the Assistant Commonwealth Attorney's withdrawal from the case. *Id.*, attach. 4. Finally, on November 24, 2014, the Supreme Court of Virginia "found no legal issues arguable on their merits and therefore refuse[d] the petition for appeal without appointment of additional counsel." *Id.*, attach. 5.

On July 27, 2015, Gallop filed a writ of habeas corpus in the Chesapeake Circuit Court on the following grounds: (A)"The trial court . . . failed to conduct an inquiry into the conflict of interest involving the Assistant Commonwealth's Attorney"; (B) "Trial Counsel was ineffective when she provided Gallop with 'incompetent' advice about the plea agreement"; (C) "Trial

counsel was ineffective for failing to inform Gallop of the prosecutor's conflict of interest"; and (D) "Appellate counsel was ineffective for failing to perfect Gallop's appeal to the Court of Appeals." *Id.*, attach. 7 at 3. The Circuit Court dismissed each claim of the petition in turn. Claim A was not a cognizable claim because he raised it in his supplemental brief to the Supreme Court of Virginia and "[an] issue, which has been raised and decided on direct appeal from the criminal case cannot be considered in habeas corpus in any court." *Id.* at 4-5. (citing *Henry v. Warden, Riverside Regional Jail*, 576 S.E.2d 495, 496 (Va. 2003).

Moreover, Claim B was dismissed because "Gallop [did] not establish that counsel's performance was deficient and that he was prejudiced by counsel's alleged error." *Id.* at 8. Gallop's trial counsel submitted an affidavit in defense of her performance, and "the Court [found] counsel's affidavit to be credible." *Id.* at 5. In the affidavit Gallop's trial counsel stated that she interviewed the police investigators responsible for Gallop's case and they informed her that they had probable cause to indict Gallop for two additional felony drug charges, but she was not entitled to detailed information because Gallop had not been formally charged with those offenses. *Id.* Based on her knowledge and experience, she advised Gallop that the police "may well have additional charges." *Id.* at 6. "Additionally, the Court determined Gallop failed to offer any reason why he should be able to controvert his prior sworn statements that he understood what he was pleading guilty to, understood the charge and what the Commonwealth had to prove to convict him, discussed possible defenses with his attorney, and decided to freely and voluntarily plead guilty. *Id.* at 6-7. Further, the Court concluded Gallop was not prejudiced because the evidence against him was overwhelming, that he failed to show that an objectively reasonable defendant would have gone to trial, and by accepting the Commonwealth's plea he changed the sentencing range from a minimum sentence of eight years imprisonment and a

4

maximum of two life sentences to a minimum of three years and a maximum of life imprisonment. *Id.* at 8.

The Court dismissed Claim C because Gallop failed to offer support for why the court should allow him to controvert prior sworn statements from his guilty plea that he was satisfied with his counsel's services. *Id.* at 9. The Court found the trial counsel's affidavit to be credible that stated the prosecutor interviewed with another attorney in her firm and once he began the interview process, he removed himself from Gallop's case, notified the court, and moved to withdraw from the case, which the Court granted. *Id.* Gallop's trial counsel also stated that she discussed these events with Gallop and he was aware of them. *Id.* Ultimately, the Court found that Gallop failed to demonstrate any prejudice from the prosecutor's handling of or withdrawal from the case. *Id.*

Finally, in Claim D, Gallop argued that his appellate counsel was ineffective for failing to appeal the one-judge denial of his appeal to a three judge panel. *Id.* at 10. Appellate counsel, in his affidavit, said that Gallop at no time indicated that he wanted counsel to demand a three-judge-panel of the Court of Appeals. *Id.* Gallop, through his mother, told counsel he wanted to appeal the decision to the Court of Appeals, but did not specify the three-judge panel. *Id.* The court found that Gallop cannot show he was prejudiced because he was not denied a right to appeal as counsel appealed the decision to the Supreme Court of Virginia. *Id.* at 11.

On January 13, 2016, Gallop appealed his state habeas petition to the Supreme Court of Virginia where he raised the following grounds: (1) "The Court erred by ruling that Appellant's claim of Trial Court's failure to conduct proper inquiry into the conflict of interest involving Assistant Commonwealth's Attorney is not a cognizable habeas claim"; (2) "The Court erred by ruling that Trial Counsel gave competent advice in regards to the plea agreement and was

5

therefore not ineffective"; (3) "The Court erred by ruling that Trial Counsel properly informed Appellant in regards to Assistant Commonwealth's Attorney conflict of interest and was therefore not ineffective."; (4) 'The Court erred by ruling Appellate Counsel was not ineffective for failing to appeal to three judge panel in Court of Appeals"; and (5) "The Court erred by ruling Trial Counsel's simple correspondence was a legal affidavit and failing to order evidentiary hearing when colorable claim was raised and facts beyond [the] record [are] in dispute." *Id.*, attach. 8 at 2. The Supreme Court found the Court of Appeals did not commit any reversible error and refused the petition of appeal on July 19, 2016. *Id.,* attach. 9.

Gallop filed the instant § 2254 Petition for federal habeas relief on October 7, 2016, where he raised the same grounds alleged in his petition for appeal to the Supreme Court of Virginia for his state habeas petition. ECF No. 1. Gallop also requested that the Court "order an evidentiary hearing" for his claims. *Id.* at 37. On January 6, 2017, the Respondent filed a Motion to Dismiss, a Rule 5 Answer, a Brief in Support of the Motion to Dismiss, and *Roseboro* Notice. ECF Nos. 11-14. Gallop filed a Reply on January 26, 2017. ECF No. 17. Therefore, the instant Petition and Motion to Dismiss are ripe for recommended disposition.

### Findings of Fact and Conclusions of Law

#### A. Timeliness

Section 2254 petitions are subject to a one-year statute of limitations and must be dismissed if they are filed later than one year after the conclusion of direct review of the conviction or the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). Generally, the limitation period for filing a § 2254 petition is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. *Id.* § 2244(d)(2). To be properly filed,

the petition must comply with the state's procedural rules imposed on post-conviction petitions, *Pace v. DiGuglielmo*, 544 U.S. 408, 413-17 (2005) (denying statutory tolling to an improperly filed petition when the state court rejected the petition as untimely), and violation of those rules, including "time limits, place for filing and filing second or successive petitions," will render that petition improperly filed and ineligible for statutory tolling, *Rodgers v. Angelone*, 113 F. Supp. 2d 922, 929 (E.D. Va. 2000). Moreover, the time in which a habeas petition is pending in federal court does not toll the one-year statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 172 (2001).

The Supreme Court of Virginia refused Gallop's petition for appeal on November 24, 2014. Gallop's time for filing a writ of habeas corpus in this Court began on February 23, 2015, or ninety days after the Supreme Court of Virginia refused his direct appeal and the time to appeal that order to the United States Supreme Court expired.[2] *See* Sup. Ct. R. 13.1; *Harris v. Hutchinson*, 209 F.3d 325, 328 & n.1 (4th Cir. 2000) ("[T]he time for seeking direct review of [the] state-court conviction was concluded . . . when the period for filing a petition for a writ of certiorari in the United States Supreme Court expired."). Under § 2244(d)(1), Gallop had until February 23, 2016, or one year after the expiration of his opportunity to seek direct review, to file his habeas petition in this Court, absent any tolling. Gallop filed his state habeas petition on July 27, 2015, 154 days after the federal habeas statute of limitations began to run. His state habeas petition tolled the federal habeas statute of limitations for 358 days, calculated from the date Gallop's state habeas petition was filed, to July 19, 2016, when the Virginia Supreme Court dismissed the petition. After the Virginia Supreme Court's dismissal on July 19, 2016, Gallop had 211 days remaining to file his federal habeas petition. Thus, Gallop's deadline to file his

---

[2] Although ninety days would be February 22, 2015, that date was a Sunday so Gallop time to file begins on the next business day.

federal habeas petition was extended to February 15, 2017.  Gallop filed the present Petition on

October 7, 2016.  Therefore, the undersigned **FINDS** that Gallop's Petition is timely.

## B. Exhaustion

Before addressing the merits of a federal habeas petition, the preliminary inquiry must be

whether the petitioner appropriately exhausted his claims.  Section 2254 allows a prisoner held in

state custody to challenge his detention on the ground that his custody violates the "Constitution

or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A state prisoner, however, must

exhaust his available state remedies or demonstrate the absence or ineffectiveness of such

remedies before petitioning for federal habeas relief in order to give "state courts the first

opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and

sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).  Importantly, "[t]he burden of

proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618.  The exhaustion

requirement is satisfied if the prisoner seeks review of his claim in the highest state court with

jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see*

*O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual

allegations advanced in the federal court [are] the same as those advanced at least once to the

highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996

F.2d 1560 (4th Cir. 1993).  Here, Gallop raised all present claims in his state habeas petition

before the Supreme Court of Virginia.  Additionally, this Court notes that the Respondent

conceded that all of Gallop's claims are exhausted.  ECF No. 13 at 4-5.  Accordingly, the

undersigned **FINDS** that Gallop has properly exhausted his state remedies.

8

## C. Claim 1

With respect to those claims that were adjudicated by the state court on their merits, habeas relief is warranted only if a petitioner can demonstrate that the adjudication of his claims by the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* § 2254(e)(1).

In *Williams v. Taylor*, the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S. 362, 404-05 (2000). A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. *Id.* at 407-08.

"The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable." *Woodford v. Visciotti*, 537 U.S. 19, 27 (2002). "The focus of the [unreasonable application] inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is

9

different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002). A federal habeas court may not issue the writ under the "unreasonable application" clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411.

In this case, the Supreme Court of Virginia was not unreasonable in finding that Claim 1 was not a cognizable claim. Regarding Claim 1, Gallop argued that the Chesapeake Circuit Court "violated his sixth amendment right to effective assistance of counsel and his right to conflict-free counsel when it failed to conduct an inquiry into a known conflict of interest within the case." ECF No. 17 at 15. However, Claim 1 is not a cognizable claim because the Supreme Court of Virginia has held that "[a]n issue, which has been raised and decided on direct appeal from the criminal case, cannot be considered in habeas corpus in any court." *Henry v. Warden, Riverside Regional Jail*, 576 S.E.2d 495, 496 (Va. 2003). Although Gallop did not raise Claim 1 in the Court of Appeals, he raised it in his supplemental brief in the Supreme Court of Virginia where it was denied. ECF No. 13, attach. 4 at 14. Thus, Claim 1 is not appropriate for federal habeas review.

Even if Claim 1 was cognizable, the record did not indicate that there was a conflict of interest, and Gallop cannot demonstrate any adverse effect that resulted from the alleged conflict of interest. In her affidavit, trial counsel stated that the Assistant Commonwealth's Attorney interviewed with another attorney in her firm and that once he began the interview process, he removed himself from the case, notified the court, and filed a motion to withdraw from the case, which the Circuit Court granted. *Id.*, attach. 10 at 1. Accordingly, all plea negotiations were made with the Deputy Commonwealth's Attorney after the Assistant Commonwealth's

Attorney's recusal. *Id.* Further, Gallop cannot show that he faced adverse effects as a result of the alleged conflict of interest. The fact that the Assistant Commonwealth's Attorney sought employment with Gallop's counsel's firm does not show that he would offer Gallop a worse plea deal, and if anything, it could be evidence that he offered Gallop a better plea deal or was forthcoming throughout the plea negotiations. Therefore, the Supreme Court of Virginia's decision was not unreasonable and the undersigned **RECOMMENDS** that Claim 1 be **DISMISSED.**

## D. Claims 2-4 Ineffective Assistance of Counsel

When a state court addressed the merits of a claim that is subsequently raised in a 28 U.S.C. § 2254 petition, a federal court may not grant habeas relief on that claim unless, *inter alia*, the state court decision is contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington*, 131 S. Ct. at 784. The Court independently reviews whether that decision satisfies either standard. *See Williams*, 529 U.S. at 412-13. A state court decision is "contrary to" clearly established federal law if the state court "arrives at a conclusion opposite to that reached by th[e] [U.S. Supreme] Court on a question of law or if the state court decides a case differently than th[e] [U.S. Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 413. As to whether a state court decision is an "['objectively'] unreasonable application" of clearly established federal law, the state court must "identif[y] the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably appl[y] that principle to the facts of the prisoner's case." *Id.* at 410. Ultimately, though, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a

11

federal court is *firmly convinced* that a federal constitutional right has been violated." *Id.* at 389 (emphasis added).  It is this Court's obligation to focus "on the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves."[3] *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997).

Indeed, federal habeas relief is precluded, "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 131 S. Ct. at 786.  "If this standard is difficult to meet, that is because it was meant to be.  As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Id.* ("It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedent.  It goes no farther.") (citation omitted).  In other words, "AEDPA prohibits federal habeas relief for any claim adjudicated on the merits in state court, unless one of the exceptions listed in § 2254(d) obtains." *Premo v. Moore*, 131 S. Ct. 733, 739 (2011).  Here, as in *Premo*, because there is no allegation that the state courts decided Gallop's state habeas "differently than th[e U.S. Supreme] Court has on a set of materially indistinguishable facts," *Williams*, 529 U.S. at 413, the relevant exception is "permitting relitigation where the earlier state decision resulted from an 'unreasonable application of' clearly established federal law." *Premo*, 131 S. Ct. at 739; *see also* 28 U.S.C. § 2254(d)(1).

Generally, to have been entitled to habeas relief in state court for ineffective assistance of counsel claims under the Sixth Amendment, Gallop had to show both that his defense counsel provided deficient assistance and that he was prejudiced as a result. *Strickland v. Washington*, 446 U.S. 668, 700 (1984).  First, to establish deficient performance, Gallop was required to show

---

[3] Pursuant to § 2254(d), the federal court must look to the state court decision that was "adjudicated on the merits in State court proceedings . . . resulting in a decision." *McLee*, 967 F. Supp. at 156. In this case, the qualifying state court decision on the merits was the Circuit Court's decision on Gallop's state habeas petition.

that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688-89

(holding that there is a strong presumption that trial counsel provided reasonable professional

assistance). Second, Gallop was also required to demonstrate "a reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding would have been different. A

reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at

687, 693-94 (holding that counsel's errors must be "so serious as to deprive the defendant of a

fair trial," and that the petitioner must "show that the errors had some conceivable effect on the

outcome of the proceeding.").

 The United States Supreme Court summarized the high bar petitioners face in a federal

habeas petition in the context of Sixth Amendment ineffective assistance of counsel claims

previously rejected by the state court:

> Establishing that a state court's application of *Strickland* was unreasonable under
> § 2254(d) is all the more difficult. The standards created by *Strickland* and
> § 2254(d) are both 'highly deferential,' [466 U.S. 668, 689 (1984)]; *Lindh v.*
> *Murphy*, 521 U.S. 320, 333, n.7, 117 S. Ct. 2059, 138 L.Ed.2d 481 (1997), and
> when the two apply in tandem, review is 'doubly' so, *Knowles [v. Mirzayance]*,
> 556 U.S. [---, ---], 129 S. Ct. [1411, 1420 (2009)]. The *Strickland* standard is
> a general one, so the range of reasonable applications is substantial. 556 U.S., at -
> --, 129 S. Ct. at 1420. Federal habeas courts must guard against the danger of
> equating unreasonableness under *Strickland* with unreasonableness under
> § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions
> were reasonable. The question is whether there is any reasonable argument that
> counsel satisfied *Strickland*'s deferential standard.

*Premo*, 131 S. Ct. at 740. With that standard in mind, the undersigned now turns to the merits of

Gallop's ineffective assistance of counsel claims.

 Here, the Supreme Court of Virginia was not unreasonable in finding that Gallop failed to

satisfy *Strickland*'s demanding standard with respect to Claim 2. Gallop argued that his trial

counsel "violated his sixth amendment right to effective assistance of counsel and his right to

conflict-free counsel because her conflict of interest with Assistant Commonwealth's Attorney

affected her legal advice, which induced Gallop to plead guilty when he otherwise would have went to trial." ECF No. 17 at 26. However, the Circuit Court found the affidavit from Gallop's trial counsel on the matter credible, where she said that even though she was not privy to detailed information from the Assistant Commonwealth's Attorney, she fully investigated the charges for which Gallop was indicted and concluded that the investigators had probable cause to indict Gallop for attempted distribution, and the investigators had sufficient jurisdictional support to bring the charges. ECF No. 13, attach. 7 at 5; *Id.*, attach. 10 at 2. Gallop has not offered any factual evidence or legal support for his claim that the Commonwealth could not have proceeded on the unindicted offenses. *Id.*, attach. 13 at 7. Furthermore, when Gallop pled guilty he stated under oath that he understood what he was pleading guilty to, understood the charge and what the Commonwealth had to prove to convict him, discussed possible defenses with his attorney, and decided to freely and voluntarily plead guilty. *Id.*, attach. 7 at 6-7. Given Gallop's counsel's investigation and Gallop's own sworn statements regarding his counsel's performance, he has failed to demonstrate that his counsel's performance was deficient. Likewise, Gallop cannot show prejudice under *Strickland* because he failed to demonstrate that an objectively reasonable defendant would have insisted on going to trial, but for counsel's alleged failures. *Id.* at 7-8. Although Gallop claimed he would have gone to trial but for his counsel's actions, his after-the-fact claim counts for little evidence of prejudice. *See, Hooper v. Garraghity*, 845 F.2d 471, 475 (4th Cir. 1988)). Gallop has not demonstrated that counsel's performance was deficient and that he was prejudiced by counsel's alleged error, therefore, the Supreme Court of Virginia's decision was not unreasonable and the undersigned **RECOMMENDS** that Claim 2 be **DISMISSED.**

Moreover, the Supreme Court of Virginia was not unreasonable in finding that Gallop failed to satisfy *Strickland's* demanding standard with respect to Claim 3. Concerning Claim 3,

14

Gallop argued that his trial counsel "violated his sixth amendment right to conflict-free counsel and to effective assistance of counsel when she operated under a conflict of interest in regards to her professional relationship with Assistant Commonwealth's Attorney." ECF No. 17 at 30. The Supreme Court of Virginia was reasonable in concluding Gallop's trial counsel's performance was not deficient.  As she stated in a sworn affidavit, once the Assistant Commonwealth's Attorney began the interview process at her firm, he removed himself from the case, he informed the Court of the potential conflict and moved to withdraw from the case, which the Court granted prior to Gallop accepting the plea agreement.  *Id.*, attach. 10 at 1.  Although Gallop argued he did not know of the reassignment, trial counsel said in her affidavit that she notified him.  Trial counsel also said that she conducted her own investigation of the facts pertinent to the plea negotiation and advised Gallop based on her findings and experience.  *Id.* at 2.  Gallop has also failed to offer any reason why he should be allowed to controvert his sworn statements that he was satisfied with trial counsel, which further supports the Supreme Court of Virginia's finding that he could not establish the deficient performance prong of *Strickland*. Furthermore, Gallop was not prejudiced by his trial counsel's actions as he has not argued how his trial counsel's handling of the reassignment affected the outcome as all advising and negotiations were handled with the newly appointed attorney outside of the alleged conflict of interest.  *Id.*, attach 10 at 1.  Therefore, the Supreme Court of Virginia's decision was not unreasonable and the undersigned **RECOMMENDS** that Claim 3 be **DISMISSED.**

Lastly, the Supreme Court of Virginia was not unreasonable in finding that Gallop failed to satisfy *Strickland's* demanding standard with respect to Claim 4.  Gallop argued that his appellate counsel "violated his sixth amendment right to effective assistance of counsel, the Equal Protection Clause, and the Due Process Clause of the Fourteenth Amendment when he

disregarded instructions from Mr. Gallop to perfect his first appeal in the Court of Appeals of Virginia." ECF No. 17 at 31.  The Court was reasonable in finding that Gallop's appellate counsel was not deficient because he said in a sworn affidavit that he never received instructions from Gallop to appeal to a three-judge panel.  ECF No. 13, attach. 13 at 1.  After Gallop's petition for appeal was denied, Gallop's mother notified appellate counsel that he wished to appeal the Court of Appeals' ruling, but not that he wished to appeal it to a three-judge panel. *Id.* at 2.  Even though appellate counsel reviewed the Virginia Court of Appeals' decision and determined that there were no grounds or legal issues arguable on the merits, adhering to the instructions that he received, he proceeded to file a petition for appeal in the Supreme Court of Virginia pursuant to *Anders v. California. Id.*  Since appellate counsel never received specific instructions to appeal the decision for a three-judge panel and he filed a petition for appeal in the Supreme Court of Virginia, Gallop has failed to show how his appellate counsel's performance was deficient.  Further, Gallop argues that he is entitled to a presumption of prejudice because he was denied his right to appeal.  However, "[a]bsent complete deprivation . . . no such presumption applies and a petitioner may show ineffective assistance only by pointing to specific errors by counsel and resulting prejudice." *Smith v. Robbins*, 528 U.S. 259, 285 (2000).  Gallop has not argued how counsel's failure to request a three-judge panel was both unreasonable and resulted in actual prejudice.  Therefore, the Supreme Court of Virginia's decision was not unreasonable and the undersigned **RECOMMENDS** that Claim 4 be **DISMISSED.**

**E. Claim 5**

Gallop's Claim 5 raised an alleged error from his state habeas proceedings in the Chesapeake Circuit Court.  This claim cannot be addressed in a federal habeas petition because "even when there is some error in state post-conviction proceedings, a petitioner is not entitled to

federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." *Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008). Additionally, Gallop does not address Claim 5 in his reply. Therefore, Claim 5 is not cognizable in federal habeas so the undersigned **RECOMMENDS** that Claim 5 be **DISMISSED.**

**F. Gallop's Request for an Evidentiary Hearing**

At the end of his Petition, Gallop also requested the Court "order an evidentiary hearing." ECF No. 1 at 37. Among other requirements, an evidentiary hearing is permitted "only when the petitioner alleges additional facts that, if true, would entitle him to relief." *Beaver v. Thompon*, 93 F.3d 1186, 1190 (4th Cir. 1996). Gallop did not state what additional facts could be gleaned from such a hearing, and how any such additional facts could somehow establish that the result of the proceeding would have been different. Moreover, as discussed in Sec. II.C-E, *supra*, further additional facts would not entitle Gallop to relief. Therefore, Gallop's request for an evidentiary hearing is **DENIED**.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 12, be **GRANTED**, and Gallop's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Gallop is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of

Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
June 23, 2017